SARAH A. GREGG, APPELLANT, v. AMASA N. GREGG, RESPONDENT.

*Action for a separation — it may be prosecuted after a committee of the estate of the defendant has been appointed.*

After this action had been commenced by the plaintiff against the defendant, her husband, for a separation on the ground of cruel and inhuman treatment, the defendant was, in proceedings previously instituted by the plaintiff, adjudged to be an habitual drunkard, and a committee of his estate was appointed, who was, by an order made by the court continuing the action, granted permission to aid and assist the defendant in his defense.

*Held,* that the appointment of a committee of the defendant's estate did not afford any reason why the plaintiff should be stayed from prosecuting her action, and that an order made on the defendant's motion staying all proceedings on the part of the plaintiff until the further order of the court should be reversed.

APPEAL from an order, made at the Saratoga Special Term, staying all proceedings in this action until the further order of the court.

In March, 1887, the plaintiff commenced an action against the defendant, her husband, for a separation from bed and board forever, on the ground of cruel and inhuman treatment. The defendant appeared and answered, taking issue upon certain facts alleged in the complaint. Pending the action, and on August 23, 1887, by virtue of a decree of this court, the defendant was judicially declared an habitual drunkard, and Charles A. Stewart was appointed a committee of his estate. Afterwards the court made an order continuing the action and granting permission to the committee to aid and assist the defendant in his defense, without prejudice to the right of the defendant to move for an order staying the plaintiff's proceedings in the action. Thereafter, upon the motion of the defendant, the order appealed from was mad

*J. C. Ormsby*, for the appellant.

*E. L. Fursman*, for the respondent.

PER CURIAM:

We do not think that the appointment of a committee of defendant's estate affords any reason why the plaintiff should be stayed from prosecuting her action for separation. That action affects her personal rights, which he is said to have abused. The defendant's counsel cites section 2345 of the Code. That section does not intimate that only such actions as are there mentioned may be maintained. It is found in title 7, relative to the disposition of real estate of infants, etc. It certainly does not limit the actions which may be maintained against an infant, etc., to those mentioned in that section.

The defendant's counsel cites authorities showing that courts have restrained, in some cases, actions against a lunatic to collect debts; or to affect his real or personal estate after a committee had been appointed, and after his estate had thus come into the hands of the court. The present case is quite different. Its immediate object is the separation from bed and board, on the ground of cruel treatment. So far as such separation may be followed by a provision for alimony, such provision is entirely within the power of the

court. And the court is fully competent in this action to protect the estate of the lunatic, now within its control. We do not see why the court cannot act as wisely in regard to alimony in this action as it could in an application by way of motion to direct the committee. And since the plaintiff is plainly entitled to proceed in this action, so far as the principal matter, that of separation, is concerned, it is highly proper that the subject of alimony be also disposed of in the same action.

The court has already authorized the continuance of the action by the order of Mr. Justice INGALLS; and the same order has authorized the committee to aid in the defense. The estate of the lunatic is abundantly protected.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs, to be paid by committee out of the estate of defendant.

Present — LEARNED, P. J., LANDON and INGALLS, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion for stay denied, with ten dollars costs, to be paid by committee out of estate of defendant.